ETHERIDGE *v.* WEBB et al.

In Banc. Oct. 25, 1948.

(37 So. (2d) 168)

Henry L. Rogers and R. W. Boydstun, for appellant.

Livingston & Fair, for appellees.

**McGehee, J.**

This suit is brought by the appellant, R. W. Etheridge, to cancel a deed of conveyance executed by his wife, Mrs. Bernice Etheridge, one of the appellee's herein, in favor of Earl J. Webb and wife, Mrs. Maude M. Webb, as being null and void on the alleged ground that the property

described in the deed was at the time of its execution and delivery, the homestead of the said R. W. Etheridge and wife, and that he did not join her in the execution thereof.

The burden of proof was on the husband as complainant to prove that he was living with his wife, either actually or in a legal sense, within the meaning of Section 332, Code 1942, at the time she conveyed the property in question to the said Earl J. Webb and wife. He was not afforded the opportunity of making this proof in the trial court, due to the fact that a plea of res judicata was interposed by the appellee, Mrs. Bernice Etheridge, and was set down for hearing and tried before the case reached a hearing on the merits, resulting in such plea being sustained and the bill of complaint dismissed, which precluded the taking of proof to sustain the allegations of the bill.

The plea of res judicata was predicated upon the fact that in a prior suit brought by Mrs. Etheridge against the complainant for a divorce, alimony, etc., he had filed an answer and a cross-bill for divorce in which it was alleged that while the legal title of this residence property was in the name of the wife, it had been paid for with funds sent her by the husband while he was in the military service, and that such title was therefore held by her as trustee for him. The cross-complainant finally withdrew his request for a divorce and the court then denied a divorce to the wife, but adjudicated in effect that the property belonged to the wife and that the title thereto should remain in her.

The deed of conveyance from the wife to the said Earl J. Webb and wife was executed some months thereafter, and the court could not therefore have adjudicated in the divorce proceeding that the complainant in the present suit, R. W. Etheridge, was not living with the grantor as his wife at the time this deed was executed, the deed not having been made until sometime after the decree was rendered in the divorce proceedings

as aforesaid. In other words, the only issue involved in the divorce proceeding insofar as the property was concerned, was whether or not it belonged to the husband or to the wife.

And even though the property was adjudicated in the divorce proceedings to belong to the wife, it would follow that the deed thereafter executed by her required the signature of the husband if the property did in fact constitute the homestead at the time of the execution of the deed of conveyance, and if he was then living with his wife.

It was therefore error to sustain the plea of res judicata in the present suit, since the husband was entitled to prove, if he could, that the property, although belonging to the wife, still constituted the homestead, and that he was living with his wife at the time the conveyance thereof was executed.

The cause must therefore be reversed and remanded for hearing on such issue.

Reversed and remanded.